IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL HENRY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-3239 |
| | ) | |
| JUDGE SOPHIA HALL, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendants Judge Mary Jane Theis, Judge Mary Ellen Coughlan, Judge Michael B. Hyman, Judge Terrance J. Levin, Judge Aurelia Pucinski, Judge Timothy C. Evans, Judge Michael Nixon, Judge Sophia Hall, Judge Kenneth Wright, Jr., Judge Thomas W. Murphy, Judge Kerry M. Kennedy, Judge Mary Kathleen McHugh, and Judge Allen P. Walker's (hereinafter, "Defendant Judges") Motion to Dismiss. (Doc. 6, Def. Mot. Dismiss). For the following reasons, Defendant Judges' Motion to Dismiss is GRANTED.

## I.    PROCEDURAL HISTORY

On November 16, 2022, Plaintiff Michael Henry filed a complaint against Defendant Judges, pursuant to 42 U.S.C. § 1983. (Doc. 1, Pl. Complaint, 1). On December 20, 2022, Defendant Judges moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) based on Plaintiff's failure to state a claim upon which relief may be granted, and under

Rule 12(b)(1) based on lack of subject-matter jurisdiction. (Doc 6, at 2). Alternatively, Defendants move to transfer this matter to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404. (*Id.*).

## II.     FACTUAL ALLEGATIONS

Underlying this case is an ongoing state lawsuit in Cook County Case Number 2020 M5 00698. (Doc. 1, at 5). Village of Orland Park filed the lawsuit against Plaintiff alleging violations of the Illinois Municipal Code, the Village Code, and the U.S. Code. (Doc. 1, at 16-22). Defendant Judges in the instant case either presided over Plaintiff's case or were on the Appellate and Supreme Courts of Illinois during Plaintiff's case. (Doc. 1, at 1-3).

Plaintiff alleges that Defendant Judges ignored rulings made by the United States Supreme Court when the presiding trial court judges failed to dismiss the cause following what Henry believed to be a dispositive case — *Facebook, Inc. v. Duguid, et al.,* 141 S. Ct. 1163 (2021). (*Id.* at 6). As for the Appellate and Supreme Court judges, he alleges that they failed to oversee the implementation of the Supreme Court rulings (*Id.* at 6-8). Plaintiff also claims that the first judge to preside over his case, Judge Murphy, recused himself after someone claiming to represent Judge Murphy called Plaintiff and asked for a political donation. (*Id.* at 6). Plaintiff alleges that the caller indicated that the donation would help Plaintiff prevail in the underlying state case. (*Id.* at 6). Based on these allegations, Plaintiff filed the instant complaint based on a violation of his rights under 42 U.S.C. § 1983 and requested damages and the appointment of a special prosecutor to investigate Defendant Judges. (*Id.* at 11).

On December 20, 2022, Defendant Judges filed a Motion to Dismiss under Rule 12(b)(6) based on Plaintiff's failure to state a claim upon which relief may be granted, and under Rule 12(b)(1) based on lack of subject-matter jurisdiction. (Doc. 6, at 2). Specifically, Defendant Judges argue that the claim is not cognizable because equitable relief is not available under 42 U.S.C. § 1983. (*Id.* at 3-4). Further, Defendant Judges argue that they are entitled to judicial immunity in this case. (*Id.* at 4-6). Defendant Judges also argue that this Court lacks subject-matter jurisdiction based on the *Rooker-Feldman* doctrine and under the abstention doctrine. (*Id.* at 6-7). Alternatively, Defendant Judges move to transfer this matter to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404 as it is more convenient for the parties. (*Id.* at 8-10).

In his Response, Plaintiff argues that despite having a mailing address in Illinois, he is a resident of Florida and requests that the venue be changed to the Middle District of Florida. (Doc. 7, Pl. Resp., 1). He further argues that the circuit court did not have jurisdiction in the underlying case due to Defendant Judges' failure to apply the Supreme Court case, and, therefore, the doctrine of judicial immunity does not apply. (*Id.* at 2). He also claims that Rule 12(b)(6) is an inappropriate vehicle to address qualified immunity claims. (*Id.* at 5). As to subject matter jurisdiction, Plaintiff asserts that diversity jurisdiction applies as he is a resident of Florida and "everyone of the Defendants is a resident of the State of Illinois." (*Id.* at 8).

III.    DISCUSSION

A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. *Christensen*, 483 F.3d at 458.

To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Like a Rule 12(b)(6) motion, the court must "accept as true all well-pleaded factual allegations and draw all inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (internal citation omitted). However, a plaintiff faced with a Rule 12(b)(1) motion to dismiss bears the burden of proving the jurisdictional requirements are met. *Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987) (the plaintiff "must

submit affidavits and other relevant evidence to resolve the factual dispute regarding the court's jurisdiction.").

While the Court recognizes *pro se* pleadings must be liberally construed, (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), even a *pro se* complaint must contain sufficient factual allegations to allege a deprivation of a constitutional or civil right. *See Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).

## B. *Rooker-Feldman* Doctrine & *Younger* Abstention

Defendant Judges argue that the *Rooker-Feldman* doctrine bars this Court's consideration of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. (Doc. 6, at 6-7). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Specifically, it "bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment." *Remer*, 205 F.3d at 996.

The threshold question for the applicability of the *Rooker-Feldman* doctrine is whether the plaintiff is a "state court loser." *Exxon*, 544 U.S. at 284. The doctrine applies only where "the losing party in state court filed suit in federal court *after the state proceedings ended* \*\*\* therefore, an interlocutory ruling does not evoke the doctrine or

preclude federal jurisdiction." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) (emphasis in original) (internal quotations removed).

For example, in *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 400 (7th Cir. 2023), the Seventh Circuit reviewed whether a child custody order was final, given the district court's concern about the state court's continued management of child custody issues. Relying on Illinois Supreme Court Rule 304(b)(6), which permits appeals from a "custody or allocation of parental responsibilities judgment or modification of such judgment," the Seventh Circuit concluded that the plaintiff was a "state court loser" for the purposes of the *Rooker-Feldman* doctrine. *Hadzi-Tanovic*, 62 F.4th at 400.

Here, Plaintiff's claims are primarily based on an order denying his motion to dismiss his ongoing state case. (Doc. 1, at 3-4). Specifically, he argues that the presiding state court judges erred when denying his motion to dismiss because they did not adhere to what Henry believed to be a dispositive case—*Facebook, Inc. v. Duguid, et al.*, 141 S. Ct. 1163 (2021). (Doc. 1, at 6). However, the denial of Plaintiff's Motion to Dismiss is not a final order. As the case is still ongoing, Plaintiff cannot be considered the "state court loser" under the *Rooker-Feldman* doctrine. Therefore, that doctrine does not apply.

As an alternative, Defendant Judges also argue that this Court's jurisdiction is precluded under the *Younger* abstention doctrine. (Doc. 6, at 6-7). The *Younger* abstention doctrine prohibits federal courts from intervening in ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 598 (1974) (recognizing the applicability of the *Younger* abstention doctrine to state civil proceedings). The "fundamental purpose" of the doctrine is "to prevent erosion of the role of the jury and

avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Younger*, 401 U.S. at 44. Thus, the Supreme Court has made clear that federal interference with state functions is discouraged. *Id.* at 44-46.

When determining whether the *Younger* abstention doctrine applies, the threshold question is whether the federal plaintiff's requested relief would interfere with an ongoing state proceeding. See *Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 40 (1st Cir. 2012). Here, Plaintiff's claims would certainly disrupt the pending state proceeding as he is requesting this Court review the state court's ruling to determine whether "they all failed to follow the Law and ignored the Supremacy Clause of the Constitution." (Doc. 1, at 8). Additionally, Plaintiff seeks to challenge the state court's jurisdiction in his underlying case. (Doc. 7, at 2). The judgment Plaintiff seeks in this Court is necessarily "aimed at controlling or preventing the occurrence of specific events that might take place" during his state proceedings. *See O'Shea v. Littleton*, 414 U.S. 488, 500 (1974). Thus, the threshold requirement has been met.

The next inquiry is whether this case falls into the specific class of cases the *Younger* abstention doctrine applies to. The *Younger* abstention applies to exactly three classes of cases: (1) where federal jurisdiction would intrude into ongoing state criminal proceedings; (2) where federal jurisdiction would intrude into certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions, or (3) where federal jurisdiction would intrude into civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *Sprint v. Communications, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013). In *Huffman*, the Court held the abstention doctrine applied and

found the underlying civil nuisance action was akin to a criminal proceeding because the State was a party to the underlying proceeding and its interests were as important in that proceeding as they would be in a criminal prosecution. *Huffman*, 420 U.S. at 604.

Like the case in *Huffman*, the underlying state case against Plaintiff alleges a claim of nuisance. (Doc. 1, at 16-22). The Village has cited the important state interests of public safety, health, and welfare as reasons for initiating the action against Plaintiff. (Doc. 1, at 17). These are the same state interests that apply in a criminal proceeding. *Huffman*, 420 U.S. at 604. As such, Plaintiff's claim falls within the *Younger* abstention doctrine because it is a civil proceeding that implicates important state interests.

Further, there are no exceptional circumstances that exist that would make abstention inappropriate. *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Even though Plaintiff has frustrations regarding the state court's interpretation of the Supreme Court's ruling, that is not an extraordinary circumstance that would warrant this Court's intervention. Even the Supreme Court acknowledged in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), that state courts will sometimes commit error when interpreting federal law. But even if the state court incorrectly decided constitutional issues, "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment for errors of that character." *Rooker*, 263 U.S. at 415-16. Consequently, "no matter how wrong a state court judgment may be under federal law," this Court cannot review that ruling. *Sykes v. Cook County Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016). Instead, Plaintiff's claim is more appropriately resolved in the Illinois Appellate Court, as appellate review provides an avenue for

addressing wrongs that occurred at the trial level. *See SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 680 (2010) (noting that a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary).

Therefore, the Court finds abstention under *Younger* is appropriate in this case.

## C. Judicial Immunity

Defendant Judges have the burden of showing the doctrine of judicial immunity applies in this case. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citing cases). Judicial immunity shields a judge from suit, not just from liability for damages, and encompasses any actions taken in the judge's official judicial capacity, meaning actions that are non-ministerial and involve the exercise of discretionary judicial decision-making or implicate a judge's role as a judge. *Dawson v. Newman*, 419 F.3d 656, 660–62 (7th Cir. 2005). Such actions receive substantial protection: "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

The Supreme Court has emphasized that judicial immunity is necessary because "[i]f judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous by vexations, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits," which would undermine the goal of fair and impartial adjudication. *Forrester v. White*, 484 U.S. 219, 226-27 (1988). Therefore, "the scope of the judge's jurisdiction must be construed broadly where the

issue is the immunity of the judge." *Stump*, 435 U.S. at 356. At the same time, the Court noted that most judicial mistakes—like misapplications of relevant cases—can be addressed through the ordinary appellate process. *Forrester*, 484 U.S. at 227.

The first requirement for immunity is met because issuing an order on a motion to dismiss is one of the "paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court." *Forrester*, 484 U.S. at 227. Because Plaintiff's allegations against Defendant Judges arose directly out of their judicial capacity, Defendant Judges are entitled to absolute immunity from liability under 42 U.S.C. § 1983.

Notably, judicial immunity applies even to alleged acts of conspiracy or bribery. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986); *See Pierson v. Ray*, 386 U.S. 547, 553-54 (2006) ("[Judicial] immunity applies even when the judge is accused of acting maliciously and corruptly."). For example, in *Holloway v. Walker*, 765 F.2d 517, 521 (5th Cir. 1985), the plaintiff alleged that a judge may have acted pursuant to a bribe to rule against Holloway. In its analysis, the Fifth Circuit noted the "well-established rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed those acts pursuant to a bribe or conspiracy will not be sufficient to avoid the immunity." *Holloway*, 765 F.2d at 522. The Fifth Circuit gave several explanations for this policy:

> It requires little skill or imagination to convert many allegations that a judge has ruled in 'bad faith' into allegations that he conspired to do so or was bribed; thus, the threat to disinterested decision-making is similar. An embittered, losing party is just as likely to allege bribery or conspiracy as any other malevolent motive of a judge. The possibility that judges will be driven to wasteful and distracting self-

protective measures is just as great where liability could flow from conspiracy or bribery charges as from a charge of 'bad faith.' *** Finally, the threat to the finality of decision-making is the same where one alleges a judge conspired or was bribed to abuse his office as where one alleges he abused it in 'bad faith.' In summary, the need for a private right of action against a judge is no greater and the threat to the independence of judicial decision-making is no less where the allegations are of conspiracy or bribery than where the allegations are of bad faith, personal interest or outright malevolence. Thus, where the alleged harm, though resulting from a bribe or conspiracy, was inflicted by acts to which absolute immunity would apply, the complaint is insufficient to avoid judicial immunity.

*Id.* at 523. As such, the Fifth Circuit concluded that the judge was entitled to absolute immunity but noted that the judge would not be protected by immunity if the complaint had alleged harm that did not result from judicial acts. *Id.*

At this stage, this Court must accept all well-pleaded allegations as true and construe all reasonable inferences in plaintiff's favor. *Christensen*, 483 F.3d at 458. Aside from the claims regarding the motion to dismiss, Plaintiff also alleged that the first judge to preside over his case, Judge Murphy, recused himself after someone claiming to represent him called and asked Plaintiff for a political donation. (Doc. 1, at 6). Plaintiff alleges that the caller indicated that the donation would help him prevail in the underlying state case. (*Id.* at 6). Plaintiff indicated that Judge Murphy did not dismiss the case against Plaintiff, which Plaintiff claims was the reason why his rights were violated. (*Id.* at 3). Plaintiff therefore asked for a special prosecutor to be appointed to investigate defendants for "corruption and bribery solicitation." (*Id.* at 11).

Like *Holloway*, the harm alleged in the instant case is one that stems from a judicial act. Plaintiff does not assert that the alleged bribery solicitation resulted in a harm independent from the judicial act. In other words, Plaintiff has not demonstrated that

Judge Murphy acted outside of his judicial capacity. Therefore, applying the reasoning in *Holloway*, Judge Murphy is entitled to judicial immunity for the alleged acts. While this Court recognizes Plaintiff has concerns about judicial integrity there are other, more appropriate, avenues to address Plaintiff's concerns. *See Dennis v. Sparks*, 449 U.S. 24, 31 (1980).

Judicial immunity is not available in two circumstances: (1) when the actions at issue were nonjudicial, and (2) when the actions, though judicial in nature, are taken in the "complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Plaintiff argues that the second exception applies in the instant case because the court lacked jurisdiction to hear the case as it did not enforce the Supreme Court's ruling in *Facebook, Inc. v. Duguid, et al.*, 141 S. Ct. 1163 (2021). (Doc. 1, at 3-7).

In support of his position, Plaintiff cites to *Elliot v. Piersol*, 26 U.S. 328, 340 (1828), for the proposition that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void." (Doc. 1, at 3). The *Elliot* Court held, "[w]here a court has jurisdiction, it has a right to decide every question that arises in the cause; and *whether the decision be correct or not*, its judgment until reversed is regarded as binding in every other court." *Elliot*, 26 U.S. at 329 (emphasis added). In other words, even when a court decides incorrectly, it does not lose jurisdiction over the case.

In this case, the state court did have subject matter jurisdiction because the case involved violations of the Illinois and Municipal codes. *See In re M.M.*, 156 Ill.2d 53, 65 (1993); IL Const. Art. 6, § 9. Plaintiff argues the court lost subject matter jurisdiction over the claim when it misapplied the relevant authority. (Doc. 1, at 3). A court does not lose

jurisdiction over a case simply because it issues an incorrect or unpopular decision. *See Elliot*, 26 U.S. at 329. Thus, the second exception to judicial immunity does not apply.

Finally, Plaintiff argues that dismissal based on immunity is not appropriate at this stage. (Doc. 7, at 4-7). Judicial, or absolute, immunity applies to functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Absolute immunity rarely turns on questions of fact. *See Filler v. Kellett*, 859 F.3d 148, 152 (1st Cir. 2017) (collecting cases for the proposition that "absolute immunity, unlike qualified immunity, only rarely turns on questions of fact.").

A plaintiff is not required to allege facts to overcome affirmative defenses, although dismissal under Rule 12(b)(6) is proper if the complaint sets forth everything necessary to satisfy an affirmative defense. *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019). In this case, there is enough evidence set forth to establish that the Defendant Judges are entitled to judicial immunity.

28 U.S.C. § 1915(e)(2) (2022), provides that: "[n]otwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Therefore, 28 U.S.C. § 1915(e)(2)(B), compels a court to dismiss a case, such as this, if the court determines that the action seeks monetary relief against a defendant who is immune from such relief. Judges defending against a claim under 42 U.S.C. § 1983 enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

In this case, Plaintiff also seeks monetary relief in the sum of $1 million against each Defendant. (Doc. 1, at 11). As discussed, Defendant Judges are immune from this lawsuit as it falls within the scope of their judicial immunity which shields them from Plaintiff's request for monetary relief. *See Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016). Therefore, under 28 U.S.C. § 1915(e)(2), Plaintiff's claim must be dismissed.

**D. Injunctive Relief**

In addition to the requested monetary relief, Plaintiff requests the appointment of a special prosecutor to investigate Defendant Judges. (Doc. 1, at 11). Defendant Judges argue that the injunctive relief requested is not available to Plaintiff, so his claim must be dismissed. (Doc. 6, at 3-4).

Injunctive relief is barred in any Section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Certainly, the basis for Plaintiff's claims— the rulings on the motion to dismiss-- are judicial acts. Therefore, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983.

Plaintiff's Complaint does not allege that "a declaratory decree was violated or that declaratory relief was unavailable." Indeed, declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order. *Ashmore v. Prus*, No. 13–CV–2796, 2013 WL 3149458, at *4 (E.D.N.Y. June 19, 2013), *citing LeDuc v. Tilley*, No. 05–CV–157, 2005 WL 1475334, at *7 (D.Conn. June 22,

2005) (collecting cases). Plaintiff has not demonstrated that he is unable to appeal any final judgment issued by the Defendant Judges.

Moreover, Plaintiff cannot show that the risk of injury to him is great and immediate, such that injunctive relief is necessary. *See O'Shea v. Littleton*, 414 U.S. 488, 499 (1974)) (noting that to obtain injunctive relief, a plaintiff must show that he has no adequate remedy at law and will suffer irreparable injury without the requested relief). Plaintiff has an adequate remedy at law: he can appeal the state court decisions through the normal state appellate process. To the extent Plaintiff wishes to challenge the overall conduct of the Defendant Judges, he maintains the ability to pursue available disciplinary proceedings. Therefore, he is not entitled to injunctive relief.

Accordingly, Plaintiff's claims for injunctive relief are also dismissed.

### E. Change of Venue

Based on the Court's dismissal under Rule 12(b)(6), both parties' requests for a change of venue are denied as moot.

## IV. CONCLUSION

For all of these reasons, Defendant Judges' Motion to Dismiss (Doc. 6) is GRANTED. The Clerk shall enter judgment and terminate the case.

ENTER: June 22, 2023

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE